**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SACRAMENTO VELASQUEZ MORALES,<br><br>    Defendant/Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>    Plaintiff/Respondent | CR 08-01103 PHX ROS<br>CIV 10-00009 PHX ROS (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE ROSLYN O. SILVER:**

    Mr. Sacramento Velasquez Morales ("Movant") is in the custody of the Federal Correctional Institution in Terra Haute, Indiana. On or about January 4, 2010, Movant filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, regarding a criminal conviction and sentence entered by the Court. Respondent filed a Response to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 on April 23, 2010. See Docket No. 5. Movant has not filed a reply to the response to his petition.

**I   Procedural History**

    On September 23, 2008, Movant was indicted on a charge of illegal reentry after removal, in violation of 8 U.S.C. § 1326(a) as aggravated by subsection (b)(2). See Criminal Docket No. 9. At that time Movant was on supervised release in a separate criminal matter, and the government filed a Notice of

Related cases, regarding a petition to revoke Movant's supervised release filed in CR 04-590 PHX ROS. See Criminal Docket No. 11.

On November 21, 2008, Movant entered a guilty plea to the charge stated in the indictment and also admitted to the supervised release violation. See Criminal Docket No. 18.[1] On February 17, 2009, Movant was sentenced to a term of 71 months imprisonment pursuant to his conviction for violation of section 1326. The sentence was imposed to run consecutively to the term of imprisonment imposed for violation of supervised release in CR04-590- PHX ROS, to be followed by a term of three years of supervised release. See Criminal Docket Nos. 20 & 21. The plea agreement provided that Movant was waiving a direct appeal of his conviction and sentence.

In his section 2255 action Movant asserts he is entitled to relief from his convictions and sentences pursuant to section 2255 because he was denied the effective assistance of counsel during his plea proceedings and because his guilty plea was not knowing and voluntary.

**II Analysis**

The plea agreement signed by Movant expressly waived his right to collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence imposed was

---

[1] Movant stated as the factual basis for his plea agreement that he was removed from the United States on July 15, 2008, at San Ysidro, California, and that he was voluntarily present and found in the United States near San Luis, Arizona, on or about August 6, 2008. Movant also acknowledged he had been convicted in 1987 by the State of Washington of delivery of a controlled substance for which felony he had served 15 months imprisonment.

consistent with the written terms of the agreement. See Response, Exh. A. The sentence imposed on Movant was consistent with the terms of the plea agreement. Because the sentence imposed was in accordance with the plea agreement, the plea agreement is valid. Therefore, Movant is bound by the plea agreement's waiver of his right to collaterally attack his conviction and sentence.

Because Movant legitimately waived his right to bring this action challenging his sentence the section 2255 motion may normally be summarily denied. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the defendant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991).

However, a plea agreement which waives the defendant's right to collaterally attack their sentence is not enforceable if the waiver was involuntary. See, e.g., Jeronimo, 398 F.3d at 1156 (concluding the court did not have jurisdiction to consider the appeal of a defendant who had waived this right in a plea agreement because the agreement was knowing and voluntary on its face, stating: "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is

knowingly and voluntarily made"); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). A collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in the agreement, but only if the agreement was involuntary or unknowing, or if the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful. See United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000).

However, Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. Cf. United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991) (reaching this holding in a section 2255 case); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998) (holding, in a section 2255 case, that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to [the] consequences [of a plea agreement]."). Because he was adequately informed of the consequences of his plea by the Court, Movant's guilty plea can be considered voluntary and knowing. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). The undersigned concludes Movant's guilty plea was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986).

Because Movant does not produce any evidence indicating he did not knowingly and voluntarily enter into the agreement,

the undersigned concludes the plea agreement was valid, as was Movant's voluntary waiver of his right to collaterally attack his sentence. Accordingly, the section 2255 petition should be denied and dismissed. Compare United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("we doubt that a plea agreement could waive a claim of ineffective of assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

**III Conclusion**

Movant has not established that he was deprived of his constitutional right to the effective assistance of counsel because he offers no evidence his counsel's performance was deficient or that he was prejudiced by any alleged deficiency.

**IT IS THEREFORE RECOMMENDED** that Mr. Velasquez Morales motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a

response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 4th day of June, 2010.

_____
Mark E. Aspey
United States Magistrate Judge